**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DENISE EVANS,** <br><br> **Plaintiff,** <br><br> *versus* <br><br> **THE UNITED STATES OF AMERICA,** <br><br> **Defendant.** | **Court #:** |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, DENISE EVANS, deceased, by and through her attorneys, LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her Complaint at Law against the Defendant THE UNITED STATES OF AMERICA, states as follows:

**COUNT I
MEDICAL NEGLIGENCE
(EVANS V. ORONSAYE)**

1. On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant OSARENTIN ORONSAYE, M.D. was and is a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics and gynecology.

2. At all times relevant to this cause of action, OSARENTIN ORONSAYE, M.D. provided medical services to the public, including DENISE EVANS (hereinafter "DENISE").

3. At all times relevant to this cause of action, Defendant OSARENTIN ORONSAYE, M.D. held himself out and otherwise informed the public and the Plaintiff that he possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like DENISE.

4. At all times relevant to this cause of action, the Plaintiff, DENISE, entrusted herself entirely to the care of OSARENTIN ORONSAYE, M.D.

5. At all times relevant to this cause of action, OSARENTIN ORONSAYE, M.D. was acting in the course and scope of his employment with THE UNITED STATES OF AMERICA, and therefore THE UNITED STATES OF AMERICA is liable to those injured by OSARENTIN ORONSAYE, M.D.'s negligent acts and/or omissions, including DENISE.

6. Intermittently between July 24, 2019 and August 2, 2019, DENISE was cared for and treated by Defendant OSARENTIN ORONSAYE, M.D.

7. At all times relevant to this cause of action, it was the duty of OSARENTIN ORONSAYE, M.D., to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of DENISE.

8. Notwithstanding the foregoing duty, OSARENTIN ORONSAYE, M.D., did commit one or more or all of the foregoing acts and/or omissions:

  (a) Failed to inform DENISE's of the results of her endometrial biopsy and polyp removal;

  (b) Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

  (c) Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

  (d) Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

8. As a direct and proximate result of the professional negligence of OSARENTIN ORONSAYE, M.D., DENISE suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become

responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9. Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10. Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, DENISE EVANS, deceased, prays for judgment against the Defendant, THE UNITED STATES OF AMERICA., in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

        Respectfully submitted,
        MALMAN LAW

        /s/ Matthew Heimlich
        Attorney for Plaintiff

Matthew Heimlich (ARDC # 6300000)
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 West Randolph Street, Suite 1700
Chicago, IL 60606
(312) 629-0099
mheimlich@malmanlaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE EVANS,**<br><br>                       **Plaintiff,**<br><br>*versus*<br><br>**THE UNITED STATES OF AMERICA,**<br><br>                       **Defendant.** | **Court #:** |

## AFFIDAVIT PURSUANT TO 735 ILCS § 5/2-622

I, Matthew Heimlich, being first duly sworn under oath, state as follows:

1. That I have consulted and reviewed the facts of this case with a physician licensed to practice medicine in all its branches who I reasonably believe (a) is knowledgeable in the relevant issues involved in this particular action; (b) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and (c) is qualified by experience or demonstrated competence in the subject this case.

2. That attached is the reviewing physician's written report, which after review of the medical records and other relevant material involved in this particular action indicates that there is a reasonable and meritorious cause for the filing of such action.

3. That I have concluded on the basis of the physician's professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

4. That attached is a copy of the physician's report referenced in this affidavit as Exhibit A, further affiant sayeth not.

                                                         /s/ Matthew Heimlich
                                                         Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
before me this 29th day
of March, 2022.

/s/ Raquel Renteria
Notary Public

OFFICIAL SEAL
RAQUEL RENTERIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23

RE: Denise Evans v. Osarentin Oronsaye, M.D.

**HEALTH PROFESSIONAL'S REPORT**

1. I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.
2. I am knowledgeable in the relevant issues involved in this particular action.
3. I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.
4. I am qualified by experience and have demonstrated competence in the subject of this cause.
5. I am familiar with the standard of care for obstetricians and gynecologists as it currently relates to issues of informed consent, care and treatment for patients undergoing a hysterectomy.
6. I have read and reviewed documents, including but not limited to the following of Denise Evans' ("DENISE") records in this case:
    a. Access Community Health
        i. Dates of Treatment: 5/17/19 to 8/27/19 (intermittent)
    b. Mt. Sinai Hospital
        i. Dates of Treatment: 8/2/19 to 8/3/19; 8/9/19 to 8/16/19; 8/20/19 to 11/18/19 (intermittent)
    c. University of Illinois Chicago Medical Center
        i. Dates of Treatment: 12/18/19 to 12/19/19; 1/20/20 to 1/23/20; 2/5/20

7. On June 18, 2019, DENISE presented to DR. OSARENTIN ORONSAYE ("DR. ORONSAYE") with complaints of vaginal bleeding after 8 months of not having her menses. An ultrasound revealed multiple fibroids and DENISE underwent an endometrial biopsy and cervical polyp removal on July 18, 2019.
8. On July 24, 2019, DR. ORONSAYE went through the risks and benefits of the potential treatment options, indicating DENISE declined treatment options other than hysterectomy and scheduled surgery.
9. On July 25, 2019, the pathology report on the cervical polyp report came back as benign and the endometrial biopsy came back with normal findings. There is no indication these results were conveyed to DENISE, or alternative treatment options based on these normal findings were discussed with DENISE, including postponing the hysterectomy surgery to determine if the cervical polyp was causing the complained of bleeding.
10. On August 2, 2019, DR. ORONSAYE performed a laparoscopic-assisted vaginal hysterectomy and bilateral salpingo-oophorectomy on DENISE at Mount Sinai Hospital. There is no indication in DR. ORONSAYE's operative report of what, if any, precautions he took to guard against ureteral injury, a known potential complication of the procedure.
11. On August 8, 2019, DENISE returned to Mount Sinai Hospital with complaints of abdominal pain and distention. On August 14, 2019, she was discovered to have a right

12. ureteral injury and a ureteral stent was placed later that day. She was discharged home with a drain and Foley catheter on August 16, 2019.
12. During his care and treatment of DENISE, DR. ORONSAYE had a duty to provide medical services, care and treatment in accordance with accepted standards of care in the field of obstetrics and gynecology.
13. Based upon my education, training, experience and knowledge, and review of the above-referenced materials, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment provided by DR. ORONSAYE to DENISE beginning on July 24, 2019 and continuing through August 2, 2019, fell below the minimum standard of care and constituted negligence as he:

    (a) Failed to objectively observe, assess and evaluate DENISE's condition during his course of treatment with her;

    (b) Failed to inform DENISE of the results of her endometrial biopsy and polyp removal;

    (c) Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

    (d) Failed to obtain informed consent from DENISE for her August 2, 2019 hysterectomy;

    (e) Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

    (f) Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

14. As a result of the failures of care and negligent acts and omissions of the DR. ORONSAYE, DENISE suffered injuries including, but not limited to a right ureteral injury which has caused her unnecessary pain and suffering, disability, disfigurement, additional medical expenses, and other damages.
15. In my opinion, there is a reasonable and meritorious basis for filing a cause of action against DR. ORONSAYE.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE EVANS,** <br><br> **Plaintiff,** <br><br> *versus* <br><br> **THE UNITED STATES OF AMERICA,** <br><br> **Defendant.** | **Court #:** |

### AFFIDAVIT

I, Matthew Heimlich, having come to be sworn duly under oath, hereby state and affirm as follows:

1. I am the attorney for Plaintiff in this matter.

2. Based upon my investigation and knowledge of this case, Plaintiff is seeking money damages in excess of $50,000.00, further affiant sayeth not.

/s/ Matthew Heimlich
Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
before me this 29th day
of March, 2022.

/s/ Raquel Renteria
Notary Public

OFFICIAL SEAL
RAQUEL RENTERIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 07/15/23

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENISE EVANS,** | |
| **Plaintiff,** | **Court #:** |
| *versus* | |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**12-PERSON JURY DEMAND**

**The undersigned demands a jury trial.**

                                                                                /s/    Matthew Heimlich
                                                                                  Attorney for Plaintiff

Matthew Heimlich (ARDC # 6300000)
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph, Suite 1700
Chicago, Illinois 60606
312-629-0099
mheimlich@malmanlaw.com