UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 1627 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In 2021, Denise Evans sued Dr. Osarentin Oronsaye, Access Community Health Network, and other defendants in the Circuit Court of Cook County, Illinois. *Evans v. Oronsaye*, No. 21 C 4805 (N.D. Ill.) ("*Evans I*"), ECF No. 1 at 8-19. Because Access received funding from the Public Health Service and Dr. Oronsaye was acting within the scope of his employment at Access as to all relevant events, the claims against those two defendants were deemed to be claims against the United States, which substituted itself for those two defendants and removed the suit to federal court. *Id*. at 1-3; *see Evans I*, ECF No. 30 at 1. The court dismissed Evans's claims against the United States without prejudice for failure to exhaust under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., and remanded to state court her claims against the other defendants. *Evans I*, ECF No. 30.

Having exhausted her claims against the United States, Doc. 17 at ¶¶ 5, 8; Doc. 15-1, Evans brought in federal court the present suit, Doc. 1. The United States moves under Civil Rules 12(b)(1) and 12(b)(6) to dismiss on timeliness grounds. Doc. 14. The Rule 12(b)(1) motion is denied, but the Rule 12(b)(6) motion is granted.

1

**Background**

In resolving the United States's Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Evans's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Evans as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Evans received medical care from Dr. Oronsaye intermittently from July 24, 2019 through August 2, 2019. Doc. 1 at 2. Evans had undergone an endometrial biopsy and cervical polyp removal. *Id*. at 6. On July 24, she scheduled a hysterectomy. *Ibid*. Her endometrial biopsy results were normal and the cervical polyp was benign, *ibid*., but she alleges that Dr. Oronsaye failed to inform her of those results or to discuss reasonable treatment alternatives, *id*. at 2. Evans further alleges that Dr. Oronsaye failed to identify and protect her ureter during her August 2 hysterectomy and that she suffered a right ureter injury, precipitating pain and suffering, loss of a normal life, disability, and large medical bills. *Id*. at 2-3. Evans returned to the hospital with abdominal pain and distention on August 8, and her ureteral injury was identified on August 14. *Id*. at 6-7.

Under the Federally Supported Health Centers Assistance Act ("FSHCA Act"), certain federally funded community health centers and individuals are deemed employees of the federal Public Health Service for purposes of the FTCA. 42 U.S.C. §§ 233(g), 254b; *see Chronis v. United States*, 932 F.3d 544, 546 n.1 (7th Cir. 2019) (Barrett, J.). Access, which received the requisite federal funding, and Dr. Oronsaye, who was acting within the scope of his employment with Access at all relevant times, were deemed Public Health Service employees. *Evans I*, ECF No. 1 at 28. Thus, Evans's remedy for alleged torts committed by Access and Dr. Oronsaye lies in a cause of action against the United States under the FTCA. *See* 42 U.S.C. § 233(a), (g).

As noted, Evans initially sued Dr. Oronsaye, Access, and other defendants in state court, and the United States substituted itself for Dr. Oronsaye and Access and removed the case to federal court. *Evans I*, ECF No. 1. The court dismissed without prejudice Evans's claim against the United States because she had not exhausted her administrative remedies prior to bringing that suit, and it remanded to state court her claims against the remaining defendants. *Id*., ECF No. 30; *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") (emphasis added); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

On September 13, 2021, while the first suit was pending and in an effort to exhaust under the FTCA, Evans mailed a claim in writing to the Department of Health and Human Services

3

("HHS"), which the agency received on September 23. Doc. 17 at ¶ 5; *see* Doc. 15-1. HHS failed to render a final disposition on the claim within six months of receiving it. Doc. 17 at ¶ 8; Doc. 15-1 at ¶¶ 5-6; *see* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Evans then filed the present suit based on the alleged medical negligence by Dr. Oronsaye, who at all relevant times was working as Access's employee—this time against the United States and directly in federal court. Doc. 1.

## Discussion

The United States argues that this suit is barred by the FTCA's statute of limitations. A tort claim against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "An FTCA claim accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; *or* (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011). A claim accrues regardless of whether a plaintiff knows that a prospective defendant can be sued only under the FTCA. *See Arteaga v. United States*, 711 F.3d 828, 831-32 (7th Cir. 2013).

The United States argues that Evans's claim accrued at the latest by August 14, 2019, when her ureteral injury was diagnosed, or "shortly thereafter." Doc. 15 at 5-6. Evans does not dispute that accrual date, which makes her claim untimely under Section 2401(b) because HHS did not receive the claim until over two years later, on September 23, 2021. Doc. 17 at ¶ 5. Evans mailed her claim on September 13, *ibid.*, but does not and could not plausibly argue that

4

the mailing date rendered her claim timely. *See* 28 C.F.R. § 14.2(a) ("For purposes of … 28 U.S.C. 2401(b) … a claim shall be deemed to have been presented when a Federal agency receives" certain paperwork); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt.").

It is therefore undisputed that Evans's present claim is untimely under Section 2401(b). Evans argues, however, that the savings provision of 28 U.S.C. § 2679(d)(5) and/or the equitable tolling doctrine saves her claim from dismissal on timeliness grounds.

I.   **The Westfall Act's Savings Provision**

The Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, amended 28 U.S.C. § 2679(d) to include this savings provision:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if-
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5); *see* Pub. L. No. 100-694, § 6 (1988), 102 Stat. 4564-65. Subsections (d)(1), (d)(2), and (d)(3) of Section 2679(d) outline the circumstances in which "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)-(3).

Evans argues that the Westfall Act's savings provision applies here because the United States was substituted as the party defendant and her claim against the United States was dismissed for failure to exhaust. By its plain terms, however, the savings provision applies only if "the United States is substituted as the party defendant *under this subsection*." 28 U.S.C. § 2679(d)(5) (emphasis added). Here, the United States was not substituted as the party

5

defendant under Section 2679(d). Instead, Evans's claims against Access and Dr. Oronsaye were "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto" pursuant to 42 U.S.C. § 233. *See Evans I*, ECF No. 1 at 1-3; *id*., ECF No. 30 at 1. Under its plain text—in particular, the phrase "under this subsection"—the savings provision does not apply where, as here, the United States is substituted as a party defendant under Section 233 rather than under Section 2679(d). *See Patel v. United States*, 2021 WL 2454048, at *2 (D. Ariz. June 16, 2021) ("[Section 2679(d)(5)] unambiguously states that it applies in instances in which the United States was substituted as a party defendant under the subsection.").

Resisting that result, Evans argues that "[m]ost courts appear to have simply operated on the presumption that the Westfall Act applies" when the United States is substituted as a defendant under Section 233. Doc. 17 at ¶ 17. True enough, dicta in some Seventh Circuit cases make that assumption. *See Chronis*, 932 F.3d at 549 n.5; *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016); *Arroyo*, 656 F.3d at 668. But dicta cannot defeat a statute's plain text. *See Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2498 (2022) ("[T]he Court's dicta, even if repeated, does not constitute precedent and does not alter the plain text of the General Crimes Act, which was the law passed by Congress and signed by the President."). Moreover, even after issuing *Arroyo*, *Blanche*, and *Chronis*, the Seventh Circuit conveyed its view that the Westfall Act's application to Section 233 cases remains an open question in the Circuit. *See P.W. by Woodson v. United States*, 990 F.3d 515, 522 n.4 (7th Cir. 2021).

Nor is the Westfall Act's text overcome by Evans's argument that Section 233 and Section 2679(d) have essentially the same effect. Doc. 19. "While both the Westfall and [FSHCA] Acts behave similarly in their allowance for the substitution of the United States as a

6

defendant and providing remedies against the United States for certain wrongful conduct, they are not one in the same … ." *Dawson v. United States*, 2018 WL 2440516, at *2 (S.D. Ill. May 31, 2018). And the Supreme Court has rejected the notion that "§ 233(a) incorporates the entirety of the FTCA, as amended by the Westfall Act … ." *Hui v. Castaneda*, 559 U.S. 799, 808-09 (2010).

It is not the court's role to question Congress's choice to make the Westfall Act's savings provision available only when the United States is substituted as the party defendant under Section 2679(d) and not when it is substituted under Section 233. *See Herrera v. United States*, No. 20 C 5238 (N.D. Ill.), ECF 14 at 8 n.2 (noting that, under a faithful reading of the Westfall Act, the United States "may have control whether the Savings Clause applies to a given Plaintiff's case"). "[T]he confines of [the] judicial role" require the court "to read the statute according to its text." *Hui*, 559 U.S. at 812. The Westfall Act was enacted well after Congress's enactment of the statutory text that became Section 233(c). *See* Pub. L. 91-623, § 4 (1970), 84 Stat. 1870; *Hui*, 559 U.S. at 806-07. It therefore "is telling that Congress declined to enact" a savings provision that encompassed Section 233(c), *Hui*, 559 U.S. at 807, and the court must give effect to that choice.

## II.     Equitable Tolling

Evans next argues that the equitable tolling doctrine saves her claim from dismissal. The FTCA's limitations periods are non-jurisdictional and can be equitably tolled. *See United States v. Wong*, 575 U.S. 402, 420 (2015). But tolling is not appropriate under the facts and circumstances of this case.

Evans cites both federal and state tolling law. Doc. 17 at ¶¶ 25-27. Federal equitable tolling law applies to her FTCA claim. *See P.W. by Woodson*, 990 F.3d at 523-24 (applying federal equitable tolling law to an FTCA claim); *cf. Shropshear v. Corp. Couns. of City of*

*Chicago*, 275 F.3d 593, 595-96 (7th Cir. 2001) (holding that the state equitable tolling doctrine governs where the limitations period is borrowed from state law). "Equitable tolling is reserved for rare instances in which a plaintiff was prevented in some extraordinary way from filing his complaint in time." *P.W. by Woodson*, 990 F.3d at 523 (internal quotation marks omitted). "Generally, the plaintiff bears the burden to establish that (1) she 'diligently' pursued her claim; and (2) 'some extraordinary circumstances' prevented her from timely filing her complaint." *Ibid*. (internal quotation marks omitted).

Evans cites no extraordinary circumstances that prevented the timely presentation of her claim to HHS. Evans's apparent failure to realize she needed to pursue relief under the FTCA does not warrant equitable tolling. Her first suit named Dr. Oronsaye and Access as defendants, and it was easily ascertainable from the public record that Access was federally funded. The Seventh Circuit has repeatedly observed that the Public Health Service maintains a website identifying all health centers that receive federal funds and that therefore may be sued only under the FTCA. *Id*. at 524 ("We have twice reminded the medical malpractice bar of [the relevant Public Health Service] database."); *see Blanche*, 811 F.3d at 962; *Arteaga*, 711 F.3d at 834. "Medical malpractice attorneys have an obligation upon being retained by a new client to research the possible defendants at issue. This research involves examining whether the possible defendants are federally affiliated, and thus can only be sued under the FTCA." *Blanche*, 811 F.3d at 962. "Members of the medical malpractice bar should know enough to consult the [Public Health Service] website when approached by a prospective client." *P.W. by Woodson*, 990 F.3d at 522 (alteration in original) (internal quotation marks omitted). Taking the simple step of ascertaining Access's status as a federally funded entity would have put Evans on notice that she needed to pursue relief against Access—and likely against Dr. Oronsaye given his

8

affiliation with Access—under the FTCA. Equitable tolling is thus inappropriate here. *See Blanche*, 811 F.3d at 962 ("[W]e reject Arianna's argument that she was prevented from filing her complaint on time because the Health Center did not reveal its federal status. There is no evidence that the Health Center made any attempt to conceal its federal status. Rather, it appears that Arianna's lawyers did not adequately research into whether the Health Center was federally affiliated.").

## Conclusion

This suit is dismissed on timeliness grounds under Rule 12(b)(6). The United States's motion to dismiss for want of subject matter jurisdiction under Rule 12(b)(1) is denied because the FTCA's statute of limitations is not jurisdictional. *See Wong*, 575 U.S. at 410-12.

December 28, 2022 _____
United States District Judge